UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY RECORD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. 1:22-cv-00495-BAM<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>(Docs. 19, 22) |

**INTRODUCTION**

Plaintiff Cindy Record ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits under Title II of the Social Security Act and supplemental security income under Title XVI of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe.[1]

Having considered the briefing and record in this matter, the Court finds that the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence in the record as a whole

---

[1] The parties consented to have a United States Magistrate Judge conduct all proceedings in this case, including entry of final judgment, pursuant to 28 U.S.C. § 636(c). (Docs. 11, 21, 23.)

1

and based upon proper legal standards. Accordingly, this Court will deny Plaintiff's motion for summary judgment, deny her appeal of the administrative decision, and affirm the agency's determination to deny benefits.

## FACTS AND PRIOR PROCEEDINGS

Plaintiff filed applications for disability insurance benefits and supplemental security income on September 12, 2017. AR 219-24, 225-31.[2] Plaintiff alleged that she became disabled on November 3, 2016, due to degenerative arthritis, back pain, neck pain, arm pain and weakness, anxiety, depression, fear of leaving home, leg pain, swelling of foot, inability to sleep, and social anxiety. AR 251-52. Plaintiff's applications were denied initially and on reconsideration. AR 135-38, 144-48. Subsequently, Plaintiff requested a hearing before an ALJ. Following the hearing, ALJ Erin Justice issued an order denying benefits on December 26, 2019. AR 19-33, 39-64. Thereafter, Plaintiff sought review of the decision, which the Appeals Counsel denied, making the ALJ's decision the Commissioner's final decision. AR 10-14. This appeal followed.

### Hearing Testimony

The ALJ held a hearing on December 2, 2019. Plaintiff appeared with her attorney, Jonathan Pena. Pat Pauline, an impartial vocational expert, also appeared and testified. AR 41.

In response to questions from the ALJ, Plaintiff testified that she lives alone. She drives once a week and shops at a nearby store. She cooks frozen meals and minor things. She does laundry each week. During the day, she sits in the kitchen or living room throughout the morning and will go back to bed around midmorning for a couple of hours. She gets cramps in her neck and headaches three or four time a week. She sometimes listens to music or a podcast, briefly reads, or watches TV. In the afternoon/evening, her daughters will sometimes come or call. She goes to bed early. AR 44-46.

When asked about her past work, Plaintiff confirmed that she last worked in 2016 providing in-home services with IHSS recipients. It was not full-time work. In 2010, 2011, and 2012, Plaintiff worked with two different recipients of IHSS services. She assisted with cooking, cleaning, and

---

[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

bathing. She alternated days with the recipients, with one caregiving job totaling five hours. In an average five-hour day, she would sit about an hour and a half. The heaviest she lifted was 20 pounds. For two-thirds of the day, the heaviest she would lift was one pound. AR 46-49.

When asked why she was not capable of full-time work, Plaintiff testified that she has never been able to do full-time work. At the end of her last job, her pain was overwhelming. She also had a lot of stress and anxiety. She can no longer do laundry, chopping, cooking, or cleaning. Her arms need to be relaxed and she needs to lie down every couple of hours. AR 49-50.

In response to questions from her attorney, Plaintiff testified that she has pain in her neck, arms, and middle of her back. She has continuous cramps in her neck. She has issues with her lower back a few times a week. She has had surgeries of her cervical spine, but her pain is worse. With medication, her pain can go as low as a five or six on a scale of one to ten. Her pain is aggravated with sitting, repetitive arm movements, like scrubbing a counter, and reaching. She cannot vacuum. The pain radiates down her arms to her hands. Her hands tremble, and feel numb and tingly. She drops things and she cannot unscrew a bottle top. She also cannot fold clothes. On an average day, she can use her hands for 5 to 10 minutes before she needs a break for at least an hour. She can sit 10 to 15 minutes at one time, stand 10 to 15 minutes at one time, and walk about 30 minutes holding onto a grocery cart. She does not use a cane or a walker. Without any kind of assistance, she can walk a short city block, about 10 to 15 minutes. AR 50-54, 56.

When asked about her lower back, Plaintiff testified that she has not had any procedures done to her lumbar or midback. Since June 2017, she had one set of physical therapy sessions. It hurt more from the therapy. Her lower back pain is usually a four on a scale of one to ten. She has pain three days a week. AR 55-56.

Plaintiff also testified that during a typical day, between eight in the morning and five in the afternoon, she will have to lie down about three hours. She has trouble sleeping and, on an average night, she will sleep five hours combined. This causes her problems during the day. She feels dizzy and has headaches about four days a week. AR 56-57.

When asked about her mental health issues, Plaintiff testified that she is not receiving psychiatric care from a psychiatrist or therapist. She takes medications, but still has a fear of driving and a fear of leaving home. AR 57-58.

Following Plaintiff's testimony, the ALJ elicited testimony from the VE. The VE characterized Plaintiff's past work as a home health aide, generally performed as medium and actually performed at the light level. AR 60. The ALJ also asked the VE hypotheticals. For the first hypothetical, the ALJ asked the VE to assume an individual of Plaintiff's age, education, and past work who could occasionally lift 20 pounds, frequently lift 10 pounds, could stand/walk for about six hours and sit for about six hours in an eight-hour day, could never climb ladders, ropes, and scaffolds, could frequently climb ramps and stairs, could frequently balance, stoop, kneel, and crouch, could occasionally crawl, must avoid concentrated exposure to extreme cold, wetness, unprotected heights, and heavy machinery, could perform simple, but not detailed work, and could have less than occasional interaction with the general public. AR 60-61. The VE testified that this individual could not perform Plaintiff's past work, but there would be other jobs in the national economy that this individual could perform, such as office helper, router, and mail clerk. AR 61.

For the second hypothetical, the ALJ asked the VE to assume hypothetical one, but the individual would need to adjust positions every 15 minutes and lie down twice a day for an hour each time. The VE testified that this individual could not perform any of Plaintiff's past work and there would not be any jobs in the national economy that this individual could perform. AR 61-62. The VE confirmed that either of the limitations would eliminate work. AR 62.

For the third hypothetical, Plaintiff's attorney asked the VE to consider the individual in hypothetical one, except that with regard to concentration, persistence, and pace, the individual would be off-task 20% of the workday. The VE testified that the hypothetical individual could not perform any past work or any other work. AR 62.

For the fourth hypothetical, Plaintiff's attorney asked the VE to consider the individual in hypothetical one, except that this individual would need to take unscheduled breaks three times throughout the day for 15 minutes each in addition to normal lunch periods and regular breaks. The VE testified that the individual could not perform any work. AR 62-63.

4

For the last hypothetical, Plaintiff's attorney asked the VE to consider the first hypothetical, but the individual, as a result of symptoms, would be absent three days out of an average month. The VE testified that employment would not be sustainable. AR 63.

**Medical Record**

The relevant medical record was reviewed by the Court and will be referenced below as necessary to this Court's decision.

**The ALJ's Decision**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff was not disabled under the Social Security Act. AR 22-33. Specifically, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 1, 2017, her alleged onset date. The ALJ identified the following severe impairments: degenerative disc disease, depression, and anxiety. AR 25. The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments. AR 25-26.

Based on a review of the entire record, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work, except that she could stand/walk six hours in an eight-hour day and sit for six hours in an eight-hour day. She could never climb ladders, ropes, or scaffolds, could frequently climb ramps and stairs, balance, stoop, kneel, and crouch, and could occasionally crawl. She must avoid concentrated exposure to extreme cold, wetness, unprotected heights, and heavy machinery. She could perform simple but not detailed work and have less than occasional interaction with the general public. AR 26-31. With this RFC, the ALJ found that Plaintiff could not perform any past relevant work, but could perform other jobs existing in significant numbers in the national economy, such as office helper, router, and mail clerk. AR 31-33. The ALJ therefore concluded that Plaintiff was not disabled for purposes of disability insurance benefits or social security income. AR 33.

**SCOPE OF REVIEW**

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence.

5

42 U.S.C. § 405(g).  Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance.  *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975).  It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson*, 402 U.S. at 401.  The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion.  *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).  In weighing the evidence and making findings, the Commissioner must apply the proper legal standards.  *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988).  This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence.  *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 510 (9th Cir. 1987).

## REVIEW

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 1382c(a)(3)(A).  A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989).  The burden is on the claimant to establish disability.  *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

## DISCUSSION[3]

Plaintiff contends that the ALJ failed to set forth clear and convincing reasons for rejecting her subjective complaints.  (Doc. 19 at p. 14.)  The Court disagrees.

---

[3] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits.  Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

In deciding whether to admit a claimant's subjective complaints, the ALJ must engage in a two-step analysis. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d a1190, 1196 (9th Cir. 2004). First, the claimant must produce objective medical evidence of his impairment that could reasonably be expected to produce some degree of the symptom or pain alleged. *Garrison*, 759 F.3d at 1014. If the claimant satisfies the first step and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of his symptoms only by offering specific, clear and convincing reasons for doing so. *Id.* at 1015.

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but discounted her statements concerning the intensity, persistence and limiting effects of those symptoms. AR 27. The ALJ was therefore required to provide specific, clear and convincing reasons for discounting Plaintiff's subjective complaints.

The ALJ first discounted Plaintiff's subjective complaints based on the medical evidence, including "the relatively benign objective findings." AR 27, 31. Although lack of supporting medical evidence cannot form the sole basis for discounting testimony, it is a factor that the ALJ can consider. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

Plaintiff challenges this reason for discounting her subjective complaints, arguing that the ALJ merely recites the medical evidence of record without connecting how any particular finding undermines Plaintiff's reported symptoms. (Doc. 19 at p. 15.) Even if the ALJ's decision is not a model of clarity, where the ALJ's "path may reasonably be discerned," the Court will still defer to the ALJ's decision. *Wilson v. Berryhill*, 757 F. App'x 595, 597 (9th Cir. 2019).

Here, it is evident from the decision that the ALJ determined the medical evidence did not include "objective abnormalities one would expect for a totally disabled individual." AR 31. With regard to Plaintiff's physical impairments, the ALJ noted that following Plaintiff's surgery, an August 10, 2018 cervical spine MRI showed no significant disc herniation at C4-C5, C5-6, and C6-C7, postsurgical interval changes consistent with anterior cervical discectomy and fusion, interval decompression of the thecal sac at C4, C5, C6 and C7, and mild to moderate neural foraminal stenosis at C5-C6 and C6-7. AR 29, 694-95. The ALJ also considered the relatively normal findings during a June 18, 2019 consultative examination, which revealed only slight tenderness in the upper thoracic

7

spinal areas, negative straight leg raising in the seated position, reduced range of motion in the back and neck, but normal range of motion in the shoulders, elbows, wrists, hips, knees, and ankles bilaterally. Plaintiff also had 5/5 motor strength in all extremities with good tone bilaterally and good active range of motion. She walked well, did not use an assistive device, and was able to walk on her toes and heels. AR 29, 598-600.

With regard to Plaintiff's mental impairments, the ALJ considered that during mental status examinations in September, October and November 2017, Plaintiff was pleasant and cooperative, and while the examinations documented some mood and affect findings, they were otherwise unremarkable, with Plaintiff demonstrating good insight and judgment, adequate attention, grossly intact memory, and coherent and linear thought processes. AR 29, 556, 558, 560. Further, in March and April 2018, she was noted to be mildly anxious on examination, and a little better in June 2018. AR 29, 640, 642, 644. By March 2019, and continuing through September 2019, Plaintiff reported that her anxiety was controlled with medication. AR 29, 675, 678, 681.

The ALJ also considered that Plaintiff's consultative psychological examination, which documented that her mood was depressed and anxious, but found that she was able to maintain attention and concentration to carry out simple job instructions, able to relate and interact with coworkers, supervisors and the general public while in the routine setting of performing simple job instructions. AR 29, 609-12. The ALJ found this opinion persuasive (AR 30), and Plaintiff has not challenged this determination.

The ALJ also discounted Plaintiff's subjective complaints based on "the limitations given by the State agency medical consultants." AR 31. As to Plaintiff's physical impairments, the ALJ noted that the state agency consultants "evaluated the medical evidence as well as the claimant's allegations." AR 30. The consultants opined that Plaintiff could lift/carry 20 pounds occasionally, 10 pounds frequently, stand/walk about 6 hours in an 8-hour workday, sit about 6 hours in an 8-hour workday, frequently climb ramps and stairs, never climb ladders, ropes, or scaffolds, frequently balance, stoop, kneel, and crouch, occasionally crawl, and must avoid concentrated exposure to extreme cold, wetness, fumes, odors, dusts, gases, poor ventilation, and hazards. AR 74-77, 109-12. The ALJ found these opinions persuasive, a finding that Plaintiff has not challenged. AR 30.

Plaintiff instead asserts that the opinion of David D. Davis, her treating nurse practitioner, supports her claims. (Doc. 19 at pp. 16-17.) Nurse Davis opined that Plaintiff could sit 15 minutes at one time and stand 10 minutes at one time. In an 8-hour workday, she could sit less than 2 hours and stand/walk less than 2 hours. She would need a job that permitted shifting positions at will and included periods of walking around. She also would need to take frequent unscheduled breaks. She could rarely lift 10 pounds and never lift 20 or 50 pounds. She could rarely twist, could occasionally stoop and climb stairs, but could never crouch/squat or climb ladders. Nurse Davis also opined that Plaintiff would be off task 25% or more of a typical workday, was incapable of even low stress work, and would be absent more than four days per month. AR 699-702. Despite Plaintiff's assertions this opinion supports her subjective complaints, the ALJ found the opinion unpersuasive. AR 30. As with the state agency medical consultants, Plaintiff has not adequately challenged the ALJ's evaluation of Nurse Davis's opinion.

As to Plaintiff's mental impairments, the state agency medical consultants opined that Plaintiff had moderate limitations in the ability to understand and remember detailed instructions, but could understand and remember simple instructions. They further opined that Plaintiff had moderate limitations in the ability to maintain attention and concentration for extended periods, moderate limitations in the ability complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace, moderate limitations in the ability to interact appropriately with the general public, and moderate limitations in the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes. AR 77-78, 113-14. The ALJ found these opinions "partially persuasive" because the "evidence supported moderate limitations on understanding, remembering, and applying information and on interacting with others but not in maintaining concentration, persistence, and pace." AR 30. Plaintiff has not challenged the ALJ's evaluation of these opinions with regard to her mental impairments.

Additionally, the ALJ discounted Plaintiff' subjective testimony based on the degree of medical treatment required, including a treatment history that failed to demonstrate a condition of the degree of severity alleged. AR 31. Relevant here, after Plaintiff's cervical discectomy and fusion on August 30, 2017, Plaintiff declined an apparent second recommendation for surgery and additional

injections to treat her neck/back pain. AR 28-29, 427, 672. She also only completed one set of physical therapy sessions between December 19, 2017, and January 5, 2018. AR 28, 630-39. An ALJ may properly consider a failure to pursue treatments in evaluating a claimant's subjective complaints. *See Burch*, 400 F.3d at 681 ("That Burch's pain was 'not severe enough to motivate [her] to seek [these forms of] treatment,' . . . even if she sought some treatment, is powerful evidence regarding the extent to which she was in pain"); *Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991) (finding that "unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment" to be a relevant factor in assessing a claimant's subjective complaints); *Schilling v. Comm'r of Soc. Sec.*, No. 1:21-cv-01268-SAB, 2022 WL 17418343, at *9 (E.D. Cal. Dec. 5, 2022) ("the failure to pursue prescribed treatments is also a relevant consideration to the ALJ's credibility determination").

Further, as noted by the ALJ, Plaintiff was not receiving specialized mental health treatment. AR 27. Where, as here, there is no medical evidence that the claimant's resistance to treatment "was attributable to her mental impairment rather than her own personal preference," an ALJ may properly consider the claimant's failure to seek mental health treatment. *See*, *e.g.*, *Rivota v. Saul*, No. 1:18-CV-01342-BAM, 2020 WL 1306985, at *6 (E.D. Cal. Mar. 19, 2020) (finding no error in ALJ's consideration that plaintiff sought little mental health treatment and did not participate in counseling).

As an additional reason for discounting Plaintiff's subjective allegations, the ALJ considered Plaintiff's response to treatment. AR 31. The ALJ acknowledged that Plaintiff ultimately treated with medication for both her neck/back pain and for her mental health impairment. For instance, Plaintiff requested Soma for pain in November 2018, reporting that it helped more with the pain, and declined injections or neurosurgery. AR 29, 672. She also declined to continue seeing behavioral health for her anxiety, and by 2019, consistently reported that Xanax controlled her anxiety. AR 672, 675, 678, 681. The fact that her medication was effective in treating her conditions undermined her claims that they were disabling. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling . . . .")

Based on the above, the Court finds that the ALJ offered specific, clear and convincing reasons for discounting Plaintiff's subjective allegations. Even if one of the reasons for discounting Plaintiff's

subjective complaints was invalid, any such error is harmless because the ALJ provided other valid reasons for discounting Plaintiff's subjective testimony. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161-63 (9th Cir. 2008) (finding that two invalid reasons to reject a claimant's testimony were harmless error where the ALJ articulated two other reasons supported by substantial evidence in the record); *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) ("several of our cases have held that an ALJ's error was harmless where the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony, but also provided valid reasons that were supported by the record").

**CONCLUSION AND ORDER**

For the reasons stated, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court DENIES Plaintiff's motion for summary judgment and appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is DIRECTED to enter judgment in favor of Defendant Kilolo Kijakazi, Acting Commissioner of Social Security, and against Plaintiff Cindy Record.

IT IS SO ORDERED.

Dated:   **March 31, 2023**          /s/ *Barbara A. McAuliffe*          
                                                          UNITED STATES MAGISTRATE JUDGE